IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dexter Wigfall, | ) C/A No. 0:12-2090-RMG-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Warden McCall, | ) |
| Respondent. | ) |

The petitioner, Dexter Wigfall ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner is serving a twenty-five year sentence of imprisonment in the custody of the South Carolina Department of Corrections. (ECF No. 1). The sentence was imposed on June 14, 2001, after a jury verdict found Petitioner guilty of second degree arson. (Id.) The instant § 2254 petition is Petitioner's second request in this court for federal habeas relief pursuant to section 2254 based on his 2001 conviction of second degree arson.[1]

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



Petitioner's prior section 2254 petition for habeas relief was filed on July 12, 2005. See Wigfall v. White, C/A No. 9:05-2181-HFF-GCK (D.S.C.). After being directed to file a response, the respondent filed a motion for summary judgment arguing that the petition was procedurally barred based on the petitioner's failure to exhaust state court remedies in compliance with 28 U.S.C. § 2254(b)(1)(A). Id. The court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), explaining summary judgment procedure and warning the *pro se* petitioner of possible consequences if a sufficient response was not filed. Id. The petitioner filed a response in opposition to the summary judgment motion, as well as a motion to stay the case pending disposition of a newly-filed state court action by petitioner. The assigned magistrate judge issued a report and recommendation that the respondent's motion for summary judgment be granted, and the petitioner's motion to stay be denied. Id. On December 9, 2005, the Honorable Henry F. Floyd, United States District Judge, adopted the report and granted the respondent's motion for summary judgment, as well as denied the petitioner's motion to stay. Id.

The instant § 2254 habeas petition again attacks Petitioner's 2001 conviction and seeks reversal of his conviction. Petitioner argues ineffective assistance of counsel for failing to preserve issues for federal review, error by the PCR court, and actual innocence of the crime. Petitioner further contends that the "one year statute limitation does not apply to my current petition because I'm raising actual innocen[c]e, and providing this court exculpatory evidence to prove my innocense." (ECF No. 1 at 13). He also relies on "the new United States Supreme Court ruling in Martinez v. Ryan holding a state PCR attorney ineffective for depriving his client of his U.S. constitutional right." Id.

PJG

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and other applicable law.

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

PJG

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A number of substantial changes "regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts" was put into effect by the AEDPA. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief." Id. (citing Felker v. Turpin, 518 U.S. 651, 657 (1996)). The AEDPA limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. See 28 U.S.C. § 2244(b).

Petitioner's instant § 2254 petition is his second petition. To be considered successive, the second or subsequent petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits. See In re Williams, 444 F.3d 233, 236 (4th Cir. 2006). The first habeas petition filed by Petitioner in 2005 was dismissed, after response by the respondent and rebuttal by Petitioner, based on failure to comply with the requirement in 28 U.S.C. § 2254(b)(1)(A) that "the applicant has exhausted the remedies available in the courts of the State." Petitioner's claims in his current petition concerning ineffective assistance of counsel and actual innocence are based on information available to Petitioner prior to the filing of his first petition and could

PJG

have been brought in his initial petition.² Thus, Petitioner's current habeas petition is successive for purposes of the AEDPA.

The AEDPA imposes strict limits on the consideration of "second or successive" habeas petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner relies on his claim of actual innocence, as well as "the new United States Supreme Court ruling in Martinez v. Ryan" to overcome limitations established by the AEDPA. (ECF No. 1 at 13). However, § 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals for the Fourth Circuit has first granted Petitioner permission to file such a petition.

The United States Court of Appeals for the Fourth Circuit has not issued an order authorizing this court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second or successive habeas petition under § 2254 challenging his 2005 criminal conviction in this district court. Therefore, this court does not have jurisdiction over Petitioner's current § 2254 action and the petition should be dismissed.

---

² Petitioner's reliance on new law from the United States Supreme Court falls within the purview of 28 U.S.C. § 2244(b)(2)(A), which is determined by the appeals court. 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of his subsection.")

PJG

## RECOMMENDATION

Accordingly, the court recommends that the § 2254 petition for a writ of habeas corpus be dismissed without prejudice and without requiring a response by the Respondent.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 14, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).