IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Dexter Wigfall, #275859,                    )
                                            )
                Petitioner,                 )      Civil Action No.: 0:12-2090-RMG
                                            )
v.                                          )
                                            )      **ORDER**
Warden Michael McCall, Lee                  )
Correctional Institution,                   )
                                            )
                Respondent.                 )
                                            )

In this habeas action, three matters are currently before the Court: 1) the Magistrate's Report and Recommendation (Dkt. No. 8); 2) Petitioner's motion to stay (Dkt. No. 16); and 3) Petitioner's motion to reinstate his previous petition (Dkt. No. 17). For the reasons set forth below, the Court agrees with and adopts the Magistrate's Report and Recommendation and denies Petitioner's motion to stay and motion to reinstate his previous petition.

### Background

Dexter Wigfall ("Petitioner") filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. This is Petitioner's second request for federal habeas relief pursuant to § 2254. Petitioner filed his first request on July 12, 2005. *See Wigfall v. White*, 9:05-cv-2181-HFF. On December 9, 2005, District Judge Floyd adopted the Report of Magistrate Judge Kosko and dismissed that case for failure to exhaust state remedies. (*Id.* at Dkt. No. 16). Petitioner then filed the present petition on July 26, 2012, alleging ineffective assistance of counsel, error by the PCR court, and actual innocence of the crime. (Dkt. No. 1). On September

1

14, 2012, Magistrate Judge Gossett issued a Report and Recommendation recommending that Petitioner's habeas petition be dismissed as successive pursuant to 28 U.S.C. § 2244(b). (Dkt. No. 8). Petitioner subsequently filed objections to the Magistrate's Report (Dkt. No. 15), a motion to stay (Dkt. No. 16), and a motion to reinstate his prior petition (Dkt. No. 17).

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

After reviewing the record of this matter and the applicable law, the Court adopts the conclusion of the Magistrate Judge. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. 28 U.S.C. § 2244(b). It states: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Thus, Petitioner's application for relief is barred until the

United States Court of Appeals for the Fourth Circuit issues an order authorizing this Court to consider the successive petition in this case.

Petitioner, however, objects that the present petition is not "successive" because his first petition was not "adjudicated on the merits." (Dkt. No. 15 at 1). The Court disagrees. To be considered successive, the second or subsequent petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). The court dismissed Petitioner's prior petition because it found his "claims [were] procedurally defaulted because Petitioner failed to file a Petition for a Writ of Certiorari in the South Carolina Supreme Court following the PCR court's denial of relief." *Wigfall v. White*, 9:05-cv-2181-HFF, Dkt. No. 15 at 12. "Dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011). Therefore, because Petitioner's prior petition was "adjudicated on the merits," his present petition is "successive" for purposes of 28 U.S.C. § 2244(b).

Petitioner also apparently objects that his petition is not successive because his claims of actual innocence and ineffective assistance of counsel were unavailable prior to the filing of his first habeas petition on July 12, 2005. (Dkt. No. 15 at 2); 28 U.S.C. § 2244(b)(2)(B). Petitioner provides no support for these claims in his objections. (*Id.*). The Court notes that the SLED arson department report on which Petitioner relies to show his innocence dates from December 2000. (Dkt. No. 1-2). Furthermore, the events giving rise to his ineffective assistance of counsel arguments occurred either during his trial or his state PCR proceedings which concluded on January 31, 2005. *Wigfall v. White*, 9:05-cv-2181-HFF, Dkt. No. 15 at 7.

3

Petitioner's remaining objections similarly do not alter AEDPA's limits on this Court's consideration of successive habeas petitions. Petitioner argues that a new Supreme Court case, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), entitles him to a review of his ineffective assistance of counsel claim. (Dkt. No. 15 at 2-3); 28 U.S.C. § 2244(b)(2)(A). However, the Court notes that *Martinez* does not provide authorization under § 2244(b)(2)(A) because it is an equitable ruling which did not establish a new rule of constitutional law. *United States v. Barber*, 5:05cr15-1, 2012 WL 3990243, at *1 n.2 (W.D.W. Va. Sept. 10, 2012) (*citing Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012)). Therefore, Petitioner's petition remains "successive" despite his citation to *Martinez*.

Finally, Petitioner argues the present petition is directed at the ineffectiveness of his PCR counsel, while his prior petition was directed at his ineffective trial counsel. (Dkt. No. 15 at 3). Nevertheless, the present petition is still "successive" as it attacks the same conviction and is based on information available to Petitioner when he filed his first petition. *Williams*, 444 F.3d at 236. Furthermore, ineffectiveness of counsel in state PCR proceedings is not a ground for relief in a proceeding arising under section 2254. 28 U.S.C. § 2254(i).

Just as Petitioner's current petition is dismissed as successive, so his motion to reinstate his prior petition must be dismissed. (Dkt. No. 17). A motion to reinstate or reopen a prior petition is treated as a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (holding Rule 60(b) motions are treated as successive habeas petitions); *United States v. MacDonald*, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Petitioner argues in this motion that his prior petition should be reinstated because it was dismissed "for failure to exhaust state remedies" and "because of the recent decision in the United States Supreme Court, *Martinez v. Ryan*, . . . Petitioner believe[s]

4

the 4th Circuit Court of Appeals will grant permission to file a second petition for Writ of Habeas Corpus in this Court." (Dkt. No. 17). However, as described above, Petitioner's prior petitioner was dismissed because the Court found his claims were procedurally defaulted and thus adjudicated on the merits. Further, as noted above, the *Martinez* decision did not create a new rule of constitutional law. Therefore, the Court denies this motion pursuant to 28 U.S.C. § 2244(b).

Finally, Petitioner's motion to stay (Dkt. No. 16) is also denied because the Court lacks jurisdiction over this successive petition. *Buffey v. Ballard*, 5:12CV58, 2012 WL 2675223, at *6 (N.D.W. Va. July 5, 2012) (*citing Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1303-04 (11th Cir. 2002) (affirming district court's denial of petitioner's motion to stay in connection with second or successive habeas claim for lack of jurisdiction)).

### Conclusion

After a thorough review of the record, the Magistrate's Report and Recommendation, and the relevant case law, the Court adopts the Magistrate's Report and Recommendation (Dkt. No. 8) and **DISMISSES** Petitioner's petition for a writ of habeas corpus without prejudice and without requiring a response by the Respondent. Furthermore, the Court **DENIES** Petitioner's motion to stay (Dkt. No. 16) and **DENIES** Petitioner's motion to reinstate his previous petition (Dkt. No. 17).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

   **AND IT IS SO ORDERED**.

_____
Richard Mark Gergel
United States District Court Judge

October 17, 2012
Charleston, South Carolina